| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>_____<br>FORMAN HOLT ELIADES & RAVIN LLC<br>218 Route 17 North<br>Rochelle Park, New Jersey 07662<br>(201) 845-1000<br>Attorneys for Barbara A. Edwards, Trustee<br>Erin J. Kennedy (EJK-9227) | |
| In the Matter of:<br><br>MUHAMMAD WHALA,<br><br>       Debtor.<br>_____<br>BARBARA A. EDWARDS, TRUSTEE,<br><br>       Plaintiff,<br>v.<br><br>49 KEARNY AVE., LLC, MUHAMMAD WHALA AND SHABANA K. WHALA A/K/A/ CHABANA Y. WHALA,<br><br>       Defendants. | Chapter 7 Proceeding<br><br>Case No.: 05-43025 (MS)<br><br>Judge:  MORRIS STERN<br><br><br>Adv. No.:  07- |

**COMPLAINT TO RECOVER PROPERTY OF THE ESTATE, TO AVOID FRADULENT TRANSFER AND TO EXTEND BANKRUPTCY PROCEEDING**

The complaint of Barbara A. Edwards, trustee for the captioned debtor ("Trustee"), through her attorneys, Forman Holt Eliades & Ravin LLC, against defendants 49 Kearny Ave., LLC, ("Kearny Ave."), Muhammad Whala, ("Muhammad" or "Debtor") and Shabana K. Whala a/k/a Chabana Y. Whala ("Shabana") complains and says:

## GENERAL ALLEGATIONS

1. She is the duly qualified and acting trustee in this matter.

2. Muhammad filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 30, 2005.

3. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and §157(b).

4. This adversary proceeding arises under 11 U.S.C. §§105, 541, 542, 544, 548, 550 and the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. 25:2-20 et seq., and applicable non-bankruptcy federal and state law.

5. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(A), (E) and (O).

6. Venue of this adversary proceeding in this district is proper under 28 U.S.C. §1409(a).

7. According to the Debtor's schedules, the Debtor did not own any real property and the Debtor's personal assets consisted of a checking account at the Provident Bank in Kearny, a personal computer, men's clothing, a camera, a 1997 Toyota RAV 4 and a 2000 Toyota Tacoma.

8. On or about September 19, 2006, the trustee filed a final decree. The case was closed on September 19, 2006.

9. On February 1, 2007, the Trustee filed a motion to reopen the case to administer assets of the estate. On February 26, 2007, an order was entered granting the motion to reopen the case.

10. On March 14, 2007, the Debtor filed amendments to Schedule B, C and F.

11. The amendments added a claim against Bank of America as an asset and exempted that asset.

12. The Trustee's investigation following the reopening of the case revealed that at the time

2

the debtor filed his petition, he and his wife, Shabana, were the owners of Kearny Ave. Kearny Ave. is not listed as an asset on the Debtor's schedules or amended schedules or as a business entity in which the Debtor had an interest on the Debtor's statement of financial affairs.

13. The Trustee's investigation revealed that Kearny Ave. was the owner of real property located at 49 Kearny Ave., Kearny, New Jersey (the "Property").

14. The Trustee has been advised by P.L. Jacobs, a real estate broker with Coldwell Banker ESR, that the Property appears to have a fair market value of $400,000 to $450,000.

15. The Trustee's investigation further revealed that on or about December 26, 2006, Kearny Ave. filed a quit claim deed transferring title of the Property to Muhammad.

## **COUNT I**

1. The plaintiff repeats each and every allegation contained in the General Allegations as if the same were set forth herein at length.

2. Under 11 U.S.C. §541, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

3. The Debtor's interest in Kearny Ave. is property of the estate.

4. Under 11 U.S.C. §542, property of the estate should be delivered to the Trustee.

5. One or more of the defendants are custodians of property of the estate and are obligated to deliver the property to the Trustee and account for it or its value.

WHEREFORE, plaintiff seeks judgment directing the defendants to account to the Trustee for property of the estate in their possession, custody or control and to turn over to the Trustee all property of the estate, or its value, together with costs and attorney's fees, and for such further relief as the court may allow.

## COUNT II

1.  The plaintiff repeats each and every allegation contained in the General Allegations and Count I as if the same were set forth herein at length.

2.  Kearny Ave. is the alter ego of the Debtor and was used by the Debtor and his spouse to place assets of the Debtor beyond the reach of the Debtor's creditors.

WHEREFORE, plaintiff seeks judgment against the defendants declaring that Kearny Ave. was the Debtor's alter ego, extending this chapter 7 case to include Kearny Ave. and substantively consolidating the Debtors' estates, awarding to the Trustee her attorney's fees and costs of suit and such further relief as the court may allow.

## COUNT III

1.  The plaintiff repeats each and every allegation contained in the General Allegations and Counts I and II as if the same were set forth herein at length.

2.  The transfer of the Property by Kearny Ave. to Muhammad was made with the actual intent to hinder, delay and defraud present and future creditors of the Debtor.

3.  The transfer of the Property was made for inadequate consideration.

4.  The Debtor was insolvent at the time of the transfer or became insolvent as a result thereof, and/or the Debtor was engaged in a business or transaction or was about to engage in a business or transaction for which property remaining with the Debtor was an unreasonably small capital, and/or the Debtor intended to incur or believed he would incur debts that would be beyond his ability to pay as same matured.

5.  The transfer of the Property may be avoided by the trustee under N.J.S.A. 25:2-20 et seq. and 11 U.S.C. §544 and 550.

WHEREFORE, the plaintiff seeks judgment avoiding the transfer of the Property, declaring that the Debtor is the owner of Kearny Ave. and the Property and that Kearny Ave. and the Property are property of the estate, awarding to the Trustee her attorney's fees and costs of suit, and for such further relief as the court may allow.

## COUNT IV

1. The plaintiff repeats each and every allegation contained in the General Allegations and Counts I through III as if the same were set forth herein at length.

2. The trustee is entitled to sell the Property under 11 U.S.C. §363.

WHEREFORE, the plaintiff seeks judgment authorizing the Trustee to sell the Property, awarding to the Trustee her attorney's fees and costs of suit, and for such further relief as the court may allow.

> FORMAN HOLT ELIADES & RAVIN LLC
> Attorneys for the Trustee
>
> By:   /s/ Erin J. Kennedy
>        Erin J. Kennedy, Esq.

DATED: July 26, 2007

M:\TTE\BE\WHALA\ADVERSARY\COMPLAINT.DOC